UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REDWOOD SOFTWARE, INC.,

                Plaintiff,

   -against-                                       1:12-CV-495 (LEK/DRH)

THOMAS URBANIK,

                Defendant.

## MEMORANDUM-DECISION and ORDER

**I.     INTRODUCTION**

Plaintiff Redwood Software, Inc. ("Plaintiff" or "Redwood Software") seeks injunctive relief against Defendant Thomas Urbanik ("Defendant"). Dkt. No. 4 ("Motion"). Defendant is a former Redwood Software employee who resigned from the company in February 2012 and is currently employed with UC4, a direct competitor with Redwood. Plaintiff alleges that Defendant downloaded and retains confidential materials from Redwood in violation of a confidentiality agreement that he signed with the company. Id. at 3-6. Plaintiff now alleges causes of action against Defendant for breach of contract, misappropriation of trade secrets, unjust enrichment, conversion, replevin, unfair competition, and violations of the Computer Fraud and Abuse Act.

Plaintiff filed a demand for arbitration before the American Arbitration Association on March 6, 2012, and commenced this action in federal court on March 19, 2012, seeking injunctive relief pending the outcome of the arbitration proceedings. Mot.; Dkt. No. 4-6. The Court granted Plaintiff's Motion for a temporary restraining order in part, enjoining Defendant from disclosing any of Redwood's confidential information to third parties and directing Defendant to return any confidential information in his possession. Dkt. No. 7. However, the Court denied Plaintiff's

Motion to the extent that it sought: (1) to conduct a forensic evaluation of Defendant's personal electronic devices; (2) an order directing Defendant to disclose the names and addresses of his present or prospective employers and/or of any entities or persons with whom he shared or disclosed confidential information; and (3) an order directing Defendant to "cooperate" with Plaintiff to facilitate the return of that information from such third parties to Plaintiff. Id. Defendant responded on March 26, 2012, opposing the Motion and seeking sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Dkt. No. 13 ("Opposition").

The Court has received additional submissions and held a Show Cause hearing on March 29, 2012, to determine whether a preliminary injunction enjoining the same relief covered by the TRO, as well as the additional relief sought by Plaintiff, is warranted. Upon consideration of the submissions, oral arguments, and applicable law, the Court grants in part and denies in part Plaintiff's request for preliminary injunctive relief.

**II.    BACKGROUND**

While Defendant does not present any legal arguments in his Opposition, he disputes Plaintiff's factual allegations that he downloaded approximately 130 confidential files from its computer database the morning of his departure, and that the files were no longer on his work laptop computer that he returned shortly after his departure. Opp.; Dennis Walsh Aff. (Dkt. No. 4-2) ¶¶ 8-13; Dennis Walsh Reply Decl. (Dkt. No. 16-1) at 6-9. Defendant claims that: (1) he did not download "anywhere near" the amount of confidential documents Plaintiff asserts he did; (2) he ensured that the confidential files were saved in his "Downloads" folder on his work laptop before he returned the laptop to Redwood; and (3) "[h]ad [he] wanted to acquired confidential materials from Redwood Software for such improper purposes . . . [he] would have devised a way to acquire

the materials so [he] wouldn't be readily detected." Thomas Urbanik Aff. (Dkt. No. 15) ¶¶ 5, 28, 31. Defendant also maintains that he does not possess or control any of Redwood's confidential materials, and that he has not and will not transfer or disclose any such materials to any third parties. Id. ¶¶ 3-4.

Plaintiff has submitted a Reply indicating that over the past several days, its attorneys have spoken with defense counsel Paul Rapp three times in an attempt to resolve the dispute out of Court and avoid further motion practice. David A. McManus Decl. (Dkt. No. 16-2) ¶¶ 6-12. One of Plaintiff's attorneys, David McManus, states that he and one of his colleagues communicated to Rapp that Redwood "only wanted access to Mr. Urbanik's computing devices that he used to conduct Redwood business," which included Urbanik's personal computer and personal e-mail accounts because Redwood claims that he habitually e-mailed work-related material to his personal e-mail address while he worked at Redwood. Id. ¶¶ 8-9; Walsh Reply Decl. ¶ 4. McManus claims that he offered that Mr. Urbanik could provide a sworn declaration identifying specifically the devices that he used to conduct Redwood business, and Redwood's forensic review would be "based upon that list." McManus Decl. ¶ 8. Finally, McManus states that he offered that a "mutually agreeable third party vendor" could perform the review. Id. ¶ 9. Rapp rejected this proposal via e-mail shortly before filing Defendant's Response on March 26. Id. ¶ 12.

**III.   STANDARD OF REVIEW**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008) (citation omitted). In this Circuit, a court will grant a motion for a preliminary injunction only where the party seeking the injunction can show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on

the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."[1]  NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004); Faiveley Transp. Malmo AB v. Wabtec Corp, 559 F.3d 110, 116 (2d Cir. 2009).  "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir. 2005) (quotations and citations omitted).

## IV. DISCUSSION

Having reviewed the parties' submissions and heard oral arguments, the Court denies at this time Plaintiff's request for a preliminary injunction requiring Defendant to submit to a forensic examination of his personal electronic devices.  However, the Courts grant Plaintiff's request for injunctive relief prohibiting Defendant from using the information in question and from erasing any confidential information he may have in his possession, in addition to requiring Defendant to return any information that he may still have.

Even if Plaintiff were able to demonstrate a likelihood of success on the merits of its claims,

---

[1] "[W]here an injunction is mandatory–that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act–the moving party must meet a higher standard than in the ordinary case by showing 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from a denial of the injunction." Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997) (internal and other citations omitted).  Plaintiff argues that the injunctive relief it seeks is wholly prohibitory, including the sought-after forensic examination of Defendant's personal electronic devices, because it would "restore the *status quo* ante," or "the situation that existed between the parties immediately prior to the events that precipitated the dispute." Mot. at 8; LaRouche v. Kezer, 20 F.3d 68, 74 n.7 (2d Cir. 1994) (citation and quotation omitted).  Because the Court determines that Plaintiff cannot make a showing of irreparable harm if the Court does not grant its request for an immediate forensic examination, the Court need not address whether Plaintiff must meet the higher showing necessary for a mandatory injunction.

or serious questions going to the merits of its claims, Plaintiff has not made a sufficient showing that irreparable harm will occur if it does not gain access to Defendant's personal electronic devices. NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d Cir. 2004). Defendant has represented to the Court that he does not have any confidential materials of Redwood Software and that he will not disclose any confidential materials to any third parties. Also, the Court finds that the need for a forensic examination is sufficiently mooted by granting the other relief that Plaintiff requests, such that Plaintiff has not sufficiently shown that it will suffer irreparable harm if the forensic examination also is not granted. See PLC Trenching Co., LLC v. Newton, No. 6:11-CV-05015, 2011 WL 1790242, at *3 (N.D.N.Y. May 10, 2011). The Court also finds that such an investigation would be unnecessary at this juncture, given defense counsel's ethical obligations as an officer of the Court, and given that Plaintiff may seek the information at issue at a later date should it become necessary to do so in the course of discovery. See id.

However, Plaintiff has demonstrated serious questions going to the merits of this case that are sufficient to warrant granting an injunction preventing Defendant from disclosing any confidential information to third parties, and ordering Defendant not to erase and instead to return any such information that he may yet have in his possession. Plaintiff has provided sufficient records to support an inference that Defendant downloaded numerous confidential documents shortly before he left the company, and that he took these materials with him in violation of his confidentiality agreement with Redwood. See Ayco Co. v. Frisch, 795 F. Supp. 2d 193 (N.D.N.Y. 2011) (Kahn, J.); Ayco v. Feldman, No. 1:10-cv-1213, 2010 WL 4286154 (N.D.N.Y. Oct. 22, 2010) (Kahn, J.). And since Redwood does not seek to actually prevent Urbanik from working for its competitor UC4, but only seeks to prevent him from possessing, erasing, or disclosing confidential

5

information, the Court finds that the balance of hardships tips decidedly towards Redwood. Cf. Frisch, 795 F. Supp. 2d at 210. This is sufficient to establish that Redwood is entitled to a preliminary injunction that prevents Defendant from disclosing any confidential information to third parties and orders Defendant not to erase and in fact to return any that he may yet have in his possession.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for preliminary injunctive relief (Dkt. No. 4) is **GRANTED in part and DENIED in part**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Defendant is temporarily and preliminarily restrained from:

(1) copying, reproducing, giving, divulging, transferring, or revealing or otherwise disclosing to any person, corporation, partnership or other business or professional entity, except as authorized to do so by Redwood, any form, document, written material, computer program, electronically stored information, or any method, formula, or plan created, developed, or utilized by Urbanik, as an employee of Redwood, or by Redwood; and from

(2) copying, reproducing, giving, divulging, transferring, or revealing or otherwise disclosing to any person, corporation, partnership or other business or professional entity, except as authorized to do so by Redwood, any confidential business information of Redwood or any client of Redwood; and it is further

**ORDERED**, that Defendant not discard or delete, and instead return immediately to

Plaintiff's attorney, all of Plaintiff's property, including without limitation, confidential business or trade secret information and all other documents, computer disks or other means of electronic storage, which contain any of Redwood's business information and which are in Urbanik's possession, custody, or control; and it is further

**ORDERED**, that Defendant Urbanik's request for sanctions is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   March 30, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge